**ELIZABETH M. BARROS**
California Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467 ext. 3701

Attorneys for Ms. Gonzalez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARINA GONZALEZ-GAETA,<br><br>Defendant. | U.S.D.C. No. 08CR2110-JTM<br><br>Date: July 25, 2008<br>Time: 11:00 a.m.<br><br>NOTICE OF MOTIONS AND MOTIONS TO:<br><br>(1) PRESERVE EVIDENCE AND COMPEL DISCOVERY; AND<br>(2) GRANT LEAVE TO FILE FURTHER MOTIONS |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY; AND NICOLE JONES, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on July 25, 2008 at 11:00 a.m., or as soon thereafter as counsel may be heard, Defendant Karina Gonzalez-Gaeta, by and through her attorneys, Elizabeth M. Barros and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

//

//

//

//

//

**MOTIONS**

Defendant Karina Gonzalez-Gaeta, by and through her attorneys, Elizabeth M. Barros and Federal Defenders of San Diego, Inc., moves this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1) Preserve Evidence and Compel Discovery; and

(2) Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated: July 11, 2008

/s/ Elizabeth M. Barros
**ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Gonzalez

**ELIZABETH M. BARROS**
California Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467 ext. 3701

Attorneys for Ms. Gonzalez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARINA GONZALEZ-GAETA,<br><br>Defendant. | U.S.D.C. No. 08CR2110-JM<br><br>Date: July 25, 2008<br>Time: 11:00 a.m.<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

**I.**

**STATEMENT OF FACTS**[1]

On or about June 11, 2008, Karina Gonzalez-Gaeta (hereinafter "Ms. Gonzalez") was arrested after agents discovered approximately 99.72 kilograms of cocaine in a vehicle in which she was a passenger. Ms. Gonzalez was subsequently indicted by the January 2007 Grand Jury with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2. To date, Ms. Gonzalez has not received **zero pages** of discovery and no recordings.

//

[1] This statement of facts is based on the complaint and indictment provided by the government. Ms. Gonzalez does not accept this statement as her own, and reserves the right to take a contrary position at motions and trial.

According to the complaint, a white 2002 Chevrolet S-10 pickup truck (hereinafter referred to as the "vehicle") pulled into a parking lot and Ms. Gonzalez and her co-defendant, Karla Edith Barba, approached the vehicle. The person who was driving the vehicle left and Ms. Barba and Ms. Gonzalez entered the vehicle. [Ms. Barba] then drove the vehicle to Wal-Mart in Calexico, CA. Ms. Barba and Ms. Gonzalez entered the store. Approximately two hours later, Ms. Barba and Ms. Gonzalez left Wal-Mart, entered the vehicle and drove into the Toys R Us parking lot. As they drove into the Toys R Us parking lot, they were stopped by agents. Agents screened the vehicle with a narcotic detector dog and the dog allegedly alerted to the vehicle. Ms. Barba and Ms. Gonzalez were placed under arrest and transported to the Calexico West Port of Entry for further processing. Agents later discovered drugs hidden in the vehicle.

## II.

## MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

Ms. Gonzalez moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items about which the prosecutor knows, but includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989). To date, the defendant has received **zero pages** of discovery.

1. The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; and any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements. **Ms. Gonzalez requests any recordings of her statements as well as any reports or notes of her statements.**

//

2. Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding her arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to her. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

3. Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

4. Any Information That May Result in a Lower Sentence. As discussed above, any information which may result in a more favorable sentence must also be disclosed pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The Government must disclose any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

5. The Defendant's Prior Record. Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Counsel specifically requests a complete copy of any criminal record.

6. Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which a fact of

consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

This includes any "TECS" records (records of prior border crossings) that the Government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. United States v. Vega, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).

The defendant requests that such notice be given three weeks before trial to give the defense time to adequately investigate and prepare for trial.

7. Evidence Seized. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

8. Request for Preservation of Evidence. The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples of narcotics used to run any scientific tests, all narcotics, the results of any fingerprint analysis, the vehicle involved in the case, the defendant's personal effects, and any evidence seized from the defendant or any third party. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and transients).

It is requested that the prosecutor be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9. Henthorn Material. The defendant requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. See Kyles v. Whitley, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); United States v. Henthorn, 931 F.2d 29 (9th Cir.

1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. The defendant further requests production of any such information at least one week prior to the motion hearing and two weeks prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an in camera inspection.

10. Tangible Objects. The defendant requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Specifically, the defendant requests copies of all photographs in the government’s possession of the alleged narcotics and the vehicle in which the narcotics were found.

11. Expert Witnesses. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). This summary should include a description of the witness’ opinion(s), as well as the bases and the reasons for the opinion(s). See United States v. Duvall, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with the defendant or any other witness.

The defense requests the notice of expert testimony be provided at a minimum of three weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government’s expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial judge is “gatekeeper” and must determine,

reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

12. Impeachment evidence. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. Evidence of Criminal Investigation of Any Government Witness. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

14. Evidence of Bias or Motive to Lie. The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

15. Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity. The defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

16. Witness Addresses. The defense requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

17. Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify her or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164,1168 (6th Cir.1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

18. Statements Relevant to the Defense. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This includes Grand Jury transcripts which are relevant to the defense motion to dismiss the indictment.

19. Jencks Act Material. The defendant requests production in advance of the motion hearing or trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent reviews notes with the subject of the interview); see also United States v. Riley, 189 F.3d 802, 806-808 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or trial to allow the defendant to investigate the Jencks material. Defendant requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

20. Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

21. Agreements Between the Government and Witnesses. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and

the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

22. Informants and Cooperating Witnesses. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against the defendant. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

23. Bias by Informants or Cooperating Witnesses. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

24. Personnel Records of Government Officers Involved in the Arrest. Defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Defendant. See Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

25. Training of Relevant Law Enforcement Officers. Defendant requests copies of all written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, INS, Department of Homeland Security, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary inspection of persons within those vehicles; (c) the detention of individuals within those vehicles; (d) the search of those vehicles and the occupants of those vehicles, including the proper means of obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses. Defendant also requests all written or otherwise attainable information regarding the training of

Customs agents at ports of entry in California to detect or discover narcotics in vehicles entering the United States, including any training offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA or other law enforcement agencies or individuals.

26. Performance Goals and Policy Awards. Defendant requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the detection of contraband. This request specifically includes information concerning performance goals, policy awards, and the standards used by Customs for commending, demoting, or promoting agents for their performance at the port of entry and their success or failure to detect illegal narcotics in general.

27. Opportunity to Weigh, View and Photograph the Contraband. Defendant hereby requests an opportunity to view, photograph, and weigh the contraband allegedly confiscated in this case.

28. DEA 7 Form. Defendant requests a copy of the DEA 7 form which should indicate the alleged weight and purity of the contraband in this case.

29. TECS Reports. Defendant requests all TECS reports, including reports pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles pertaining to Defendant, as well as an explanation of TECS provided.

30. Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case. Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

31. Narcotics Detector Dog Information. Defendant moves for production of all discoverable information about any Narcotics Detector Dogs (NDDs) used in this case, including information regarding: (a) the qualifications of the NDDs and their handlers, (b) the training and experience of the NDDs and their handlers, (c) the government's procedures regarding the treatment, training and rewarding of the NDDs, (d) a detailed description of the exact method the NDDs in this case used to indicate an "alert" to contraband, and (e) the location of the NDD and the vehicle when the NDD alerted, and (f) the NDD's reliability.

**Ms. Gonzalez is entitled to this material because the agents relied on the dog alert to arrest her.** See United States v. Cedano-Arellano, 332 F.3d 568 (9th Cir. 2003).

32. Residual Request. The defense intends by this discovery motion to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. The defendant requests that the government provide her and her attorney with the above requested material sufficiently in advance of trial.

## III.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Counsel for Ms. Gonzalez has received **zero pages** of discovery. Therefore, Ms. Gonzalez requests leave to file further motions as may be necessary upon receipt and review of discovery.

## IV.

## CONCLUSION

For the foregoing reasons, Ms. Gonzalez respectfully requests that the Court grant the above motion.

Respectfully submitted,

Dated: July 11, 2008

/s/ Elizabeth M. Barros
**ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Gonzalez

**ELIZABETH M. BARROS**
California State Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: elizabeth_barros@fd.org

Attorneys for Karina Gonzalez-Gaeta

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARINA GONZALEZ-GAETA,<br><br>Defendant. | ) | Case No. 08CR2110-JM-02<br><br>**CERTIFICATE OF SERVICE** |

Counsel for Defendant certifies that a copy of the foregoing document has been served this day upon:

Nicole A. Jones
Nicole.Jones@usdoj.gov,esmeralda.diaz@usdoj.gov,efile.dkt.gc1@usdoj.gov; and

Frank A. Balistrieri
fbalistrieri@cox.net

Respectfully submitted,

DATED: July 11, 2008

/s/ Elizabeth M. Barros
**ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Karina Gonzalez-Gaeta